J-S05016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN SAXON | : | |
| | : | |
| Appellant | : | No. 2312 EDA 2024 |

Appeal from the PCRA Order Entered August 13, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002168-2005

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED MARCH 10, 2025**

Jean Saxon (Appellant), *pro se*, appeals from the order dismissing, as untimely filed, her eighth petition for relief under the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

As previously described by this Court,

> [Appellant] was convicted of first-degree murder[, 18 Pa.C.S.A. § 2502(a),] and other charges related to the death of her estranged husband, Jerry Saxon ("Victim") by insulin overdose. [Appellant] had been engaged in an ongoing extra-marital affair with John Armstrong, a co-worker at the nursing home at which [Appellant] worked….

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Saxon*, 68 A.3d 371 (Pa. Super. 2013) (unpublished memorandum at 1-2) (footnotes omitted).

Following a jury trial, Appellant was convicted of first-degree murder, and additionally convicted of theft by unlawful taking, tampering with physical evidence, and possession of a controlled substance.[2] On November 23, 2005, the trial court sentenced Appellant to life in prison for her conviction of first-degree murder. For her remaining convictions, the trial court imposed consecutive prison terms of nine months to seven years for her conviction of theft by unlawful taking; one to six months for her conviction of possession of a controlled substance; and no further penalty for her conviction of tampering with physical evidence. This Court subsequently affirmed Appellant's judgment of sentence on August 31, 2007, after which our Supreme Court denied allowance of appeal on December 20, 2007. *See Commonwealth v. Saxon*, 935 A.2d 21 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 364 (Pa. 2007).

On April 23, 2008, Appellant filed her first PCRA petition. Appointed counsel subsequently filed an amended petition, which the PCRA court denied on May 18, 2012. This Court affirmed the denial of Appellant's first PCRA petition on February 26, 2013, after which our Supreme Court denied allowance of appeal. *Commonwealth v. Saxon*, 68 A.3d 371 (Pa. Super.

_____

[2] *See* 18 Pa.C.S.A. §§ 3921, 4910(1); 35 P.S. § 780-113(a)(16).

2013) (unpublished memorandum), *appeal denied*, 79 A.3d 1098 (Pa. 2013).

Over the years, Appellant unsuccessfully petitioned for PCRA relief numerous times. Most recently, on January 25, 2024, Appellant filed a *pro se* "Memorandum of Law," which the PCRA court construed as Appellant's eighth PCRA petition. On May 16, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed multiple *pro se* responses to the PCRA court's notice. On August 26, 2024, the PCRA court dismissed Appellant's eighth PCRA petition as untimely filed. PCRA Court Order, 8/26/24. Appellant timely filed a notice of appeal and a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The PCRA court issued its opinion on October 2, 2024.

Appellant presents the following issues for our review:

1. (a) Was/is it the Bucks County's proper jurisdiction for [Appellant] to redress her wrongful conviction d[ue] to actual innocence and a miscarriage of justice so catastrophic in nature, [her case] may be precedent?

   (b) Does an appeal from the PCRA court in light of [*Commonwealth v.*] *Koehler*[, 229 A.3d 915 (Pa. 2020),] proceed to the Superior Court or the construction of the statute and the precedent as interpretation of *Koehler* place jurisdiction directly to federal courts?

   (c) Are there exceptions which may exist barring a PCRA court from having jurisdiction in a collateral review petition?

2. [Whether the acts of Appellant's] most recent[ly] assigned counsel[, who] submitted a **Turner**/**Finley**[3] letter and brief to the PCRA court stating [Appellant's] claim was "meritless[," constitute a] systematic discretionary procedure in direct contradiction to the Commonwealth and Federal Constitutions[?]

3. Is [Appellant] innocent, actually innocent of her conviction of first-degree murder of her husband, [the Victim,] by exogenous insulin?

4. In addition to her actual innocence, was the misconduct of every Commonwealth actor at [Appellant's] trial, [names omitted], and every [one] of [Appellant's] attorney[s] to date, as well as all who were aware of the criminal acts and did not report it, resulting in an abandonment of defense before the trial began, a direct verdict[,] and ineffectiveness layer[] upon layer was so egregious no adjudication of actual guilt or innocence was able to prevail?

Appellant's Brief at 3-4 (footnote added; issues reordered and modified; formatting, capitalization, punctuation and spelling modified for clarity; explanatory comments omitted).[4]

In reviewing an order dismissing a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error."

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (setting forth the requirements for withdrawal from representation during collateral review); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

[4] Appellant additionally asserts that her situation qualifies "as an exception to the exceptions for relief under 42 Pa.C.S.[A.] § 9543[.]" Appellant appears to reference the PCRA's exceptions to cognizability of issues. Because of our resolution regarding the timeliness of Appellant's PCRA petition, we do not address this section *infra*.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

We first address the timeliness of Appellant's PCRA petition, which implicates our jurisdiction:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless [s]he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by th[e Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. [***Id.***] § 9545(b)(3). **The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed.** The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein….

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (emphasis added; some citations and footnote omitted).

Appellant's judgment of sentence became final in 2008, after the Supreme Court denied allowance of appeal and the time for Appellant to seek discretionary review in the United States Supreme Court expired. ***See*** U.S. SUP. CT. RULE 13. Appellant filed the instant petition on January 25, 2024, more than 15 years later. Consequently, Appellant's petition is facially untimely.

A PCRA petition may be filed beyond the one-year time period if the petitioner pleads and proves one of the following three exceptions: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Significantly, "**the PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions**[.]" ***Jones***, 54 A.3d at 18 (emphasis added).

In her first issue, Appellant argues that pursuant to our Supreme Court's decision in ***Koehler***, (1) a federal court would have jurisdiction over her petition for relief or appeal from the denial of PCRA relief; or (2) ***Koehler*** created a newly recognized constitutional right, which is an exception to the PCRA's time bar. ***See generally*** Appellant's Brief at Argument Section pages 1-25. According to Appellant, the ***Koehler*** Court announced that

> a PCRA court … becomes the point of exhaustion of state remedies within the Commonwealth. Thus the appeal [from] a PCRA court would be either [to] the federal district court[,] where an evidentiary record required development[,] or the Supreme Court of the United States if the petition stands on merit.

Appellant's Brief at 40. Appellant argues that if, under ***Koehler***,

> the PCRA court is given sole authority to determine it does not have [jurisdiction, it] should place the appeal in the federal courts,

- 6 -

not the ladder of state appellate review, and it[] seems the appeal would go direct[ly] to the United States Supreme Court[. H]owever, if the issue exists as in [Appellant's] case, where the development of an evidentiary record is mandated, it would be appealed to the federal district court in order to develop the record before going to the United States Supreme Court….

*Id.* at 5 (punctuation and capitalization modified). Appellant appears to argue that ***Koehler*** created a newly recognized constitutional right to appeal the denial of PCRA relief to a federal district court, or for an original jurisdiction action in the federal court. ***See id.***

We observe that in ***Koehler***, the defendant filed a serial PCRA petition claiming the Supreme Court violated his right to due process in reviewing his prior appeal. ***Koehler***, 229 A.3d at 922. The defendant "premised this assertion upon the involvement of [Pennsylvania Supreme Court] Justice Eakin in a well-publicized email scandal that included the exchange of religiously, racially, and sexually offensive emails." ***Id.*** at 922-23. The defendant further suggested that "the sheer volume of communications between sitting Justices of [the Supreme] Court and the Commonwealth's prosecutors created the appearance of impropriety." ***Id.*** at 924.

Our Supreme Court initially remanded the matter to the PCRA court to develop a factual record. ***Id.*** at 925. According to the Supreme Court, the "remand order signifies only that we do not exercise original jurisdiction over PCRA proceedings, the resolution of which belongs in the PCRA court in the first instance." ***Id.*** at 928.

Following remand, the matter returned to the Supreme Court. Our Supreme Court ultimately concluded that a PCRA court may consider due-process violations caused by appellate-level judicial bias:

> To rule that a claim of appellate level judicial bias is not cognizable under the PCRA would effectively hold that there is *no* remedy for this potential due process violation. As a constitutional matter, this is a nonstarter. To strip the Due Process Clause of all remedies to address that clause's violation is to eliminate the underlying right itself. *Ubi jus, ibi remedium* (where there is a right, there is a remedy).

*Id.* at 932-33 (emphasis in original).

To the extent Appellant now claims a newly recognized constitutional right based upon *Koehler*, we observe the following. The Supreme Court filed its decision in *Koehler* on April 24, 2020. *See Koehler*, 229 A.3d at 915 (caption). Pursuant to Section 9545(b)(2), Appellant was required to file any PCRA petition, asserting *Koehler* as a newly recognized constitutional right, within one year from that date. *See* 42 Pa.C.S.A. § 9545(b)(2). As such, Appellant had until April 26, 2021, to timely assert *Koehler* as a newly recognized constitutional right.[5]

Appellant filed the instant petition on January 25, 2024, well beyond the one-year time limit provided in Section 9545(b)(2). Consequently, Appellant's

_____

[5] April 24, 2021, fell on a Saturday. Therefore, Appellant had until April 26, 2021, to timely assert her claim. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any [filing] period shall fall on Saturday or Sunday ... such day[(s)] shall be omitted from the computation").

- 8 -

PCRA petition asserting **Koehler** as a PCRA timeliness exception is time-barred. **See** 42 Pa.C.S.A. § 9545(b)(2).

Moreover, for Appellant to avail herself of the timeliness exception for a newly discovered constitutional right, she must demonstrate the right has been held by the Supreme Court to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant cites no Supreme Court case law applying the purported constitutional right retroactively. Our review, in fact, discloses the opposite.

In **Commonwealth v. Taylor**, 283 A.3d 178 (Pa. 2022), a PCRA petitioner claimed that the **Koehler** Court established a newly recognized constitutional right. Therein, Paul Taylor (Taylor) challenged the impartiality of the Supreme Court in a prior appeal of his fourth PCRA petition, based upon the same improper email exchanges at issue in **Koehler**. **Id.** at 180. Taylor argued that, under **Koehler**, our Supreme Court newly recognized a constitutional right to bring claims of judicial bias during PCRA proceedings. **Id.** at 183. Taylor argued, in part, "that **Koehler**'s holding is of constitutional dimension given that it is grounded on a PCRA petitioner's constitutional due process right to an unbiased tribunal on appeal." **Id.** at 185.

Ultimately, our Supreme Court rejected Taylor's claim:

Assuming, *arguendo*, that **Koehler** announced a new constitutional right, we find no error in the PCRA court's conclusion that the newly recognized constitutional right exception is inapplicable herein because **Taylor has failed to establish that this Court's decision in** Koehler **"has been held to apply retroactively as contemplated under** [**Section**]

- 9 -

**9545(b)(1)(iii)"** of the PCRA. Specifically, … this Court's decision in *Koehler* itself—although decided in the context of a collateral proceeding—did not hold that any right established therein applies retroactively within the meaning of Section 9545(b)(1)(iii). In the absence of such a preexisting holding, Taylor has failed to establish the applicability of the newly recognized constitutional right exception to his instant PCRA petition….

*Id.* at 187-88 (citations and footnotes omitted; emphasis added).[6]

Instantly, Appellant failed to plead and prove that our Supreme Court has held that *Koehler* applies retroactively. Because of this deficiency, Appellant's claim of a timeliness exception fails on this basis as well.

In her second issue, Appellant claims that counsel for her sixth PCRA petition, Patrick J. McMenamin, Jr., Esquire (Attorney McMenamin), rendered

_____

[6] Further, the *Koehler* Court recognized "[t]here is nothing novel in recognizing that constitutional claims relating to the appellate process are cognizable under the PCRA." *Koehler*, 229 A.3d at 930. Therefore,

[a] claim asserting alleged judicial bias in an appellate court is no different from claims that we already have held fall within the ambit of the PCRA. An issue challenging the impartiality of an appellate judge, like an issue challenging the effectiveness of appellate counsel, constitutionally relates directly to the validity of the decision upholding the underlying conviction and sentence. It is an attack upon the truth-determining process, a process that logically includes collateral attacks on the judgment of sentence.

*Id.* at 931. Where a claim is cognizable under the PCRA, it must be brought under the PCRA. *See Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act…."). The Supreme Court thus recognized that there is no *new* constitutional right at issue.

- 10 -

ineffective assistance. Appellant's Brief at 42. Appellant claims Attorney McMenamin did not adequately review "the whole working file" and filed a "boiler plate" **Turner**/**Finley** brief. **Id.**

Appellant's ineffectiveness claim does not overcome the PCRA's time bar. As this Court has recognized, there is no "right to file a [] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel …." **Commonwealth v. Stahl**, 292 A.3d 1130, 1134 (Pa. Super. 2023). Because Appellant failed to assert an exception to the PCRA's time bar, we cannot review her claim. **See Jones**, 54 A.3d at 17 (recognizing the PCRA's timeliness provisions are jurisdictional in nature).

Even if Appellant had established a timeliness exception, her claim would merit no relief. "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness **at the first opportunity to do so**, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (emphasis added; footnote omitted).

During litigation of Appellant's sixth PCRA petition, the PCRA court granted Attorney McMenamin's petition to withdraw under **Turner**/**Finley**. PCRA Order, 12/30/19. On appeal from that order, Appellant, who was no longer represented by Attorney McMenamin, did not challenge his previous stewardship. **See generally Commonwealth v. Saxon**, 245 A.3d 1044 (Pa. Super. 2020) (unpublished memorandum). Because Appellant failed to assert

- 11 -

Attorney McMenamin's effectiveness at her first opportunity to do so, the claim is now waived. **See Commonwealth v. Walker**, 36 A.3d 1, 6 (Pa. 2011) ("Regarding waiver, at the time of appellant's trial, direct appeal, and PCRA proceedings, he was required to raise claims based on … counsel's performance at the first opportunity after he had new counsel"). PCRA relief is not available for Appellant's previously waived ineffectiveness claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(3) (requiring a PCRA petition to plead and prove "[t]hat the allegation of error has not been previously … waived.").

Appellant's remaining issues do not address the jurisdictional time bar to her PCRA petition. As such, we decline to address these claims.

Finally, in her appellate brief, albeit not in the argument section, Appellant argues, as newly discovered facts, an expert report by Lawrence Kenyon, M.D. (Dr. Kenyon). Appellant's Brief at 10. However, our review discloses Appellant asserted her recent discovery of Dr. Kenyon's report as a basis for relief in her seventh PCRA petition, a claim which the PCRA court rejected. PCRA Court Opinion, 7/26/22.

To be cognizable under the PCRA, the Appellant must plead and prove that an issue has not been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(2)(3) (requiring a PCRA petition to plead and prove "[t]hat the allegation of error has not been previously litigated or waived."). Because Appellant's claim was previously litigated, it is not cognizable under the PCRA. **See id.** This claim merits no relief.

In summary, Appellant failed to establish an exception to the PCRA's timeliness provision. We therefore affirm the PCRA court's order dismissing Appellant's eighth PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/10/2025